

# Fourth Court of Appeals
## San Antonio, Texas

October 8, 2015

No. 04-15-00551-CV

Richard Matthew **VILLARREAL**,
Appellant

v.

Rebecca L. **VILLARREAL**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-18202
Honorable Gloria Saldana, Judge Presiding

# O R D E R

On September 29, 2015, appellee's counsel, Laura Winget-Hernandez, filed a "Motion for Withdrawal of Counsel."[1]  In the motion, counsel asks this court for permission to withdraw from her appellate representation of appellee, Rebecca L. Villarreal.  We **DENY** counsel's motion because it does not comply with Rule 6.5 of the Texas Rules of Appellate Procedure.

Rule 6.5 states that an appellate may permit an attorney to withdraw from representing a party in the appellate court.  TEX. R. APP. P. 6.5.  However, any motion to withdraw must contain, among other things, a list of current deadlines and setting *in the appellate court*.  *Id.* Counsel's motion appears to have been written as if this case were still in the trial court phase, stating: "There is no pending setting or deadlines, including discovery deadlines, in this case. There is a standing Temporary Order in the record of this Court.  No discovery requests have been served by either party in this case.  There have not been any oral depositions in this case." However, this matter is now on appeal, so deadlines in the trial court are irrelevant.  Thus, counsel has not complied with subsection (a)(1) of Rule 6.5.  *See id.*

Additionally, Rule 6.5 requires that a motion to withdraw be delivered to the client in person or mailed — both by certified and first class mail — as the client's last known address. *Id.* at R. 6.5(b).  There was no certificate of service attached to counsel's motion to withdraw. Accordingly, it does not appear the motion was properly served upon appellee or appellant.  In

---

[1] We recognize that counsel filed a motion to withdraw in the trial court, which the trial court granted.  However, the motion was filed, and the trial court's order was signed, after the trial court's plenary power expired.  Accordingly, the trial court's order granting the motion was void.

other words, it does not appear counsel served the motion in accordance with subsection (b) of Rule 6.5 or the general rule regarding service.

Based on the foregoing, we **DENY** counsel's motion to withdraw. Counsel is advised that she is still counsel for appellee at this time. Moreover, the court is concerned regarding counsel's attempt to provide this court with current contact information for appellee. The address provided by counsel for appellee — 1977 Melanie Lane, Fairbanks, AK 99709 — is different than an address provided for appellee by counsel for appellant — 661 A Broadway St., Eielson AF Base, AK 99702. In the event counsel decides to file another motion to withdraw, one that is compliant with Rule 6.5, we **ORDER** that she clear up the discrepancy and provide this court with accurate contact for appellee, including a telephone number.

We **order** the clerk of this court to serve a copy of this order on counsel for appellant, appellee — at both addresses stated above, Ms. Laura Winget-Hernandez, and the trial court.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of October, 2015.

_____
Keith E. Hottle
Clerk of Court